08-4680-ag
Brata v. Holder

BIA
Hom, IJ
A 099 564 695
A 099 564 696

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of November, two thousand nine.

PRESENT:
            PIERRE N. LEVAL,
            JOSÉ A. CABRANES,
            ROBERT A. KATZMANN,
                    *Circuit Judges.*

_____

SICILIA DHARMI BRATA AND HOPE KEVIN LEE,
            *Petitioners*,

            v.                                      08-4680-ag
                                                    NAC
ERIC H. HOLDER, JR.,[1] UNITED STATES
ATTORNEY GENERAL,
            *Respondent.*

_____

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case.

FOR PETITIONERS:        Joshua E. Bardavid, New York, N.Y.

FOR RESPONDENT:         Tony West, Assistant Attorney
                        General, Civil Division; Barry J.
                        Pettinato, Assistant Director,
                        Office of Immigration Litigation;
                        Terri León-Benner, Trial Attorney,
                        Office of Immigration Litigation,
                        United States Department of Justice,
                        Washington, D.C.


UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioners Sicilia Dharmi Brata and her son, Hope Kevin Lee, both natives and citizens of Indonesia, seek review of an August 25, 2008 order of the BIA affirming the October 19, 2006 decision of Immigration Judge ("IJ") Sandy K. Hom, which denied Brata's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[2]  *In re Sicilia Dharmi Brata and Hope Kevin Lee*, Nos. A 099 564 695, A 099 564 696 (B.I.A. Aug. 25, 2008), *aff'g* Nos. A 099 564 695, A 099 564 696 (Immig. Ct. N.Y. City Oct. 19, 2006).  We assume the

---

[2] Brata's application included her son, Hope Kevin Lee, who was eleven years old at the time of her hearing, as a derivative applicant.

2

parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the IJ's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir. 2007). We review *de novo* questions of law and the application of law to undisputed fact. *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

We find that the IJ did not err in denying Brata's application for asylum, withholding of removal, and CAT relief. The IJ, after considering the cumulative effect of Brata's past harm, reasonably concluded that Brata failed to establish past persecution due to her Chinese ethnicity or Christian faith. While Brata argues in her brief that her mother's robbery and the incident in which she and her sister were forced out of a taxi at knife-point constituted past persecution, the IJ reasonably found that those incidents were "criminal acts" amounting to "personal

3

discrimination" and did not rise to the level of past persecution. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006) (to establish persecution, the harm must be sufficiently severe, rising above "mere harassment"). In addition, the IJ sufficiently considered Brata's claim that she suffered past persecution on account of her Catholic faith, finding that Brata had never been attacked going to and from church and that the robberies described above were "not due to religious identification." *See Fatin v. INS*, 12 F.3d 1233, 1240 (3d Cir. 1993) (Alito, J.) ("[P]ersecution does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional.").

In the absence of past persecution, an applicant may establish eligibility for asylum based on a well-founded fear of future persecution by showing that he or she subjectively fears persecution and that this fear is objectively reasonable. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). Furthermore, an applicant is not required to demonstrate that she would be individually singled out for persecution if she can demonstrate a pattern or practice of persecution of a group of persons similarly situated to her on account of a protected ground and her own

4

inclusion in or identification with that group. *See* 8 C.F.R. §§ 208.13(b)(2), 208.16(b)(2); *Mufied v. Mukasey*, 508 F.3d 88, 91 (2d Cir. 2007). Brata argues that, contrary to the agency's findings, she has established a well-founded fear of future persecution based on her past harm in light of the continuing mistreatment of ethnic Chinese and Christians in Indonesia.

Here, the IJ considered all of the background evidence in the record before concluding that "the Indonesian Government has acted affirmatively and positively in protecting the rights of the Chinese Christian communities and has engaged in the prosecution of responsible parties in an attempt to rout out and eliminate terrorism and criminal acts of hate." The IJ also found that the evidence "clearly indicate[d] that there are safe havens in Indonesia where Chinese Christians are free to worship and are unhindered." We have previously upheld the agency's finding that no pattern or practice of persecution exists in Indonesia, noting that Roman Catholicism is predominant in certain areas of that country. *See Santoso v. Holder*, --- F.3d ---, No. 07-4713, 2009 WL 2914267, at *2 (2d Cir. Sept. 14, 2009). Moreover, the BIA and other circuit courts who have considered the issue have also found that no pattern or

5

practice of persecution of Chinese Christians exists in Indonesia.  *See, e.g., Lolong v. Gonzales*, 484 F.3d 1173, 1180-81 (9th Cir. 2007); *Matter of A-—M--*, 23 I. & N. Dec. 737, 741-42 (B.I.A. 2005).

While Brata argues that "the fact that [her] mother, sister, and aunt were granted asylum based upon similar experiences is demonstrative of the well-foundedness of [her] fears," the IJ observed that: (1) her relatives left Indonesia five years earlier than she did; (2) she left Indonesia on two occasions but returned there after each trip; and (3) she obtained two non-immigrant visas to travel to the U.S. but never used the first and waited one year to use the second.  Finding these facts "adverse to [Brata's] claim of a subjective fear," the IJ reasonably determined that Brata failed to establish a well-founded fear of persecution.  *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 (2d Cir. 2006).

As the agency did not err in concluding that Brata failed to establish a well-founded fear of persecution if returned to her native country, it did not err in denying her application for asylum, withholding of removal, and CAT relief where all three claims were based upon the same factual predicate.  *See Paul v. Gonzales*, 444 F.3d 148, 156

6

(2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____